# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIMIE O. PRATER for<br>ORVAL K. PRATER, deceased<br><br>Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br><br>Defendant. | Case No. CIV-06-449-SPS |

## OPINION AND ORDER

The claimant Limie O. Prater, on behalf of his son, the decedent Orval K. Prater, requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that Orval Prater was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and the case REMANDED for further proceedings by the ALJ.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence or substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The decedent was born on November 30, 1957, and was forty-seven (47) years old at the time of the most recent administrative hearing. He had a tenth grade education and vocational training in auto mechanics, and worked as a furniture mover, painter helper, mechanic helper, plater helper and gas station attendant. The claimant alleges that the decedent was unable to work after June 1, 2002, because of back and neck pain; chronic spasms in wrist, shoulders, back, hips and hands; numbness in fingers, back, neck and feet; depression; problems reading and spelling; and inability to see well.

**Procedural History**

On January 31, 2003, the decedent filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The applications were denied. ALJ Michael A. Kirkpatrick conducted a hearing and found that the decedent was not disabled on April 27, 2004. The Appeals Council vacated this decision and remanded the case to the ALJ for further proceedings. The Appeals Council also directed the ALJ to consolidate the case with a subsequent application filed by the decedent on June 28, 2004. The ALJ conducted two supplemental hearings but once again found that the decedent not disabled on November 7, 2005. The decedent sought review but eventually

died on April 11, 2006. On August 17, 2006, the Appeals Council dismissed the Title XVI claim for lack of a qualified survivor but denied review on the merits of the decedent's Title II claim (Tr. 7-10, 11-12). The latter ruling was appealed to this Court, and the claimant was eventually substituted as plaintiff in place of the decedent. Thus, the ALJ's second denial of disability insurance benefits under Title II represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the decedent had the residual functional capacity ("RFC") to perform "a narrowed range of light work" (Tr. 42, 45), *i. e.*, that he could: lift up to twenty pounds occasionally and up to ten pounds frequently; stand, walk or sit up to six hours out of an eight hour work day; understand, remember, and carry out simple, routine, unskilled tasks with normal supervision, but not detailed, semi-skilled or complex, skilled tasks; and perform task oriented work requiring interaction with supervisors and co-workers, but not requiring interaction with the general public (Tr. 41-42). The ALJ concluded that although decedent could not return to any of his past relevant work, he was nevertheless not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.* poultry processor, paper pattern folder, and fishing rod assembler (Tr. 46).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the decedent's medical evidence; (ii) by finding that the decedent had the RFC to perform

substantial gainful activity; and (iii) by failing to properly analyze the decedent's credibility. The claimant argues in his first contention that the ALJ failed to afford proper deference to the medical opinions of the decedent's treating physician Dr. Chris Sturch, M.D. The Court finds no error in the treatment given Dr. Sturch's opinions, but the decision of the Commissioner must nevertheless be reversed and the case remanded to the ALJ for proper evaluation of other medical evidence.

The Appeals Council remanded the case after the initial denial of benefits because the ALJ failed to "specifically set out the claimant's mental limitations[,]" *i. e.*, the ALJ's finding that the decedent was "limited to simple routine tasks" was "an inadequate residual functional capacity finding." (Tr. 248). The Appeals Council observed that the ALJ had not evaluated the opinions of consulting psychologist Michael D. Morgan, Ph.D., *i. e.*, that the decedent's global assessment of functioning (GAF) score was 31-35 and that he could likely be restored to employability with two to three years of psychotherapy, and specifically directed him to do so on remand. The Appeals Council also directed the ALJ to "[g]ive further consideration to the claimant's maximum residual functional capacity . . . and provide rationale with specific references to evidence of record in support of assessed limitations[.]" (Tr. 249). Unfortunately, the ALJ failed to do any of this on remand.

Despite the Appeals Council's admonition about the inadequacy of a limitation to simple routine tasks, the ALJ found on remand that the decedent was "limited to light exertional level work which involves only simple, routine tasks." (Tr. 44). In formulating an RFC, the ALJ *did* impose more specific limitations, *i. e.*, that the decedent could

"understand, remember, and carry out simple, routine, unskilled tasks (but not detailed/semi-skilled or complex/skilled tasks) with ordinary supervision" and that he required "a task-oriented job which does not involve interaction with the general public (but he can interact appropriately with supervisors and co-workers)." (Tr. 47). The ALJ did not, however, "provide rationale with specific references to evidence of record in support of [these] assessed limitations." (Tr. 249.) Nor did he follow the Appeals Council's specific instructions to evaluate Dr. Morgan's opinions as to the decedent's GAF of 31-35 and his need for two to three years of psychotherapy. (Tr. 249.) *See, e. g., Salazar v. Barnhart*, 468 F.3d 615, 624 n.4 (10th Cir. 2006) ("A GAF of 31-40 is extremely low, and 'indicates [s]ome impairment in reality testing or communication . . . [or] major impairment in reality testing or communication . . . [or] major impairment in reality testing or communication . . . [or] major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood.'"), *quoting* DSM-IV at 32. *See also Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) ("A GAF score of fifty or less . . . does suggest an inability to keep a job.") [unpublished opinion], *citing Oslin v. Barnhart*, 69 Fed. Appx. 942, 947 (10th Cir. 2003) [unpublished opinion]. Instead of analyzing Dr. Morgan's opinions as the Appeals Council directed him to do, the ALJ simply stated in summary fashion that he was giving "great weight to the opinions of the nonexamining state agency physicians as to the nature and severity of the claimant's impairments and limitations." (Tr. 42). But the ALJ did not explain why he apparently chose to give greater weight to the opinions of these non-examining agency physicians than to the opinions of Dr. Morgan, who actually examined the

decedent. *See, e. g., Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987) ("[R]eports of *reviewing* physicians are . . . accorded less weight than those of *examining* physicians.")[emphasis in original]. *See generally Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."), *citing* 20 C.F.R. § 404.1527(d)(1), (2) & 416.927(1), (2).

Furthermore, the ALJ wholly failed to analyze the decedent's mental impairment of depression in accordance with the applicable regulations. "When there is evidence of a mental impairment that allegedly prevents a claimant from working, the Secretary must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a [and § 416.920a] and the Listing of Impairments and document the procedure accordingly." *Cruse v. U.S. Department of Health & Human Services*, 49 F.3d 614, 617 (10th Cir. 1995), *citing Andrade v. Secretary of Health & Human Services,* 985 F.2d 1045, 1048 (10th Cir. 1993). The ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), and determine the claimant's level of functioning in four specific areas. *Cruse*, 49 F.3d at 617. Those areas are: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace; and (iv) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must then assess the degree of functioning on a five-point scale; the first three areas utilize descriptive terms of none, mild, moderate, marked, and extreme, while the fourth utilizes numerical

terms of none, one to two, three, and four or more. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). Finally, the ALJ must document his analysis in his written decision. *See* 20 C.F.R. § 404.1520a(e)(2) ("At the administrative law judge hearing . . . the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)").

Because the ALJ failed to analyze the evidence of the decedent's mental impairment in accordance with the applicable regulations *or* the specific instructions of the Appeals Council, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ must: (i) analyze the decedent's depression in accordance with the applicable regulations; (ii) analyze the opinions of Dr. Morgan as required by the Appeals Council's original order of remand; (iii) properly analyze *all* of the medical opinions in the record, *see, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate *every* medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion.") [internal citation omitted] [emphasis added], *citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995); and (iv) redetermine the decedent's RFC and what work, if any, he could have performed with such RFC.

**Conclusion**

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 10th day of January, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**